UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALDINE DOUCET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6466** |
| **SOUTHERN UNIVERSITY AT NEW ORLEANS** | **SECTION "E" (3)** |

### ORDER

On April 23, 2013, the Motion to Dismiss [Doc. #8] came on for oral hearing before the undersigned. Present were Jonathan Chatmon on behalf of plaintiff and Lance Guest on behalf of defendant. After the oral hearing, the Court took the motion under advisement and ordered the parties to file supplemental briefs on the issue of prescription. The parties have complied with that order. Having reviewed the motion, the opposition, the supplemental briefs and the case law, the Court rules as follows.

**I.   Background**

Plaintiff Geraldine Doucet sued her former employer, defendant Southern University at New Orleans ("SUNO"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Doucet alleges that she was bullied, harassed, degraded and ridiculed by her department chair and other colleagues. She contends that "[s]he was tormented beyond disbelieve [sic]." She further alleges that the chair of the Criminal Justice Department used an improper method to rate her and that she was the only individual subject to such abuse in her department. Doucet alleges both

federal- and state-law claims.

## II.     Law and Analysis

### A.     Standard of Review

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the Bell the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

    **B.    Application of Law to Facts**

SUNO contends that Doucet's claims are prescribed. Defendant notes that Doucet's right-to-sue letter is dated July 17, 2013. Doucet had 93 to 97 days from that date to sue, or, October 18 or October 25, 2013.[1] Doucet did not sue defendant until November 5, 2013. Citing case law, SUNO argues that strict adherence to the deadlines is required, noting that one court in this district has even barred a suit when the plaintiff filed suit one day after the deadline.

Doucet maintains that she timely sued. She sued on October 25, 2013 in the Southern District of Texas. While Doucet contends that that court recommended that the action be brought here, that is not the case. That district court denied her application to proceed *in forma pauperis* on the ground that venue was improper in that court. *Doucet v. S. Univ. at New Orleans*, Misc. Case No. H-13-2529, S.D. Tex., Doc. #2. Doucet also argues that she did not receive the right-to-sue letter until July 25, 2013. But even were this true, and there is no evidence to suggest that it is, this would still render suit timely only if Doucet filed by October 23, 2013. Even were the Southern District of Texas a court of proper venue (and it was certainly not), Doucet still failed to sue there until October 25, 2013, two days after the deadline, and she makes no argument to justify equitable tolling here. Doucet's suit is thus untimely. *See, e.g., Butler v. Orleans Parish School Bd.*, No. Civ. A. 00-845, 2001 WL 1135616, *1-3 (E.D. La. Sept. 25, 2001) (dismissing suit as time-barred when

---

[1] The 93 to 97 days includes the 90 days allowed by statute and the three to seven days after which Doucet is presumed to have received by mail the right-to-sue letter. The Fifth Circuit has approved a presumption of receipt of three to seven days. *Washington v. City of Gulfport*, 351 Fed. Appx. 916, 918 (2009).

plaintiff filed one day after the deadline).[2]

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that defendant's Motion to Dismiss [Doc. #8] is GRANTED.

New Orleans, Louisiana, this 1st day of May, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  Because the Court finds that Doucet's suit has prescribed, it does not address SUNO's other two arguments.

4